NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000005
10-APR-2019
08:16 AM**

NOS. CAAP-18-0000005 AND CAAP-18-0000870

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RIAN TIMOTHY SHANNON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(EWA DIVISION)
(CASE NO. 1DTA-16-01638)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Rian T. Shannon (**Shannon**) appeals

from the December 5, 2017 Amended Notice of Entry of Judgment

and/or Order and Plea/Judgment[1] (**Amended Judgment**) entered

against him and in favor of Plaintiff-Appellee the State of

Hawaiʻi (**State**) in the District Court of the First Circuit

---

[1] The District Court entered a judgment of conviction on December 5, 2017, which did not contain the signature of the court or clerk. On January 3, 2018, Shannon timely filed a Notice of a Appeal, initiating CAAP-18-0000005, which the Hawaiʻi Intermediate Court of Appeals (**ICA**), noting the absence of the signature, temporarily remanded for, *inter alia*, entry of an appealable final judgment with a signature. The District Court subsequently entered an "Amended Judgment" with a backdated filing date of December 5, 2017 and an identical "Amended Order-Notice of Entry" on October 3, 2018. On November 1, 2018, Shannon filed a separate Notice of Appeal from the Amended Judgment, which initiated CAAP-18-0000870. On January 22, 2019, the ICA consolidated the appeals under CAAP-18-0000005.

(**District Court**).[2]  Shannon also challenges the District Court's denial of his (1) November 29, 2016 Motion to Dismiss for Rule 48 Violation (**Motion to Dismiss**); (2) September 20, 2016 Motions to Compel Discovery; (3) December 20, 2016 Motions to Suppress; and (4) January 31, 2017 Motion to Dismiss for Rule 48 Violation (**Second Motion to Dismiss**).

After a bench trial, the District Court convicted Shannon of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2007)[3] and imposed a fine.

On appeal, Shannon asserts four points of error, contending that the District Court erred when it:  (1) failed to dismiss the Complaint for violation of Hawaii Rules of Penal Procedure (**HRPP**) Rule 48; (2) denied Shannon's several motions to suppress without conducting an evidentiary hearing; (3) denied Shannon's various motions to compel; and (4) conducted an insufficient Tachibana colloquy.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the

---

[2]  The Honorable James C. McWhinnie presided.

[3]  HRS § 291E-61(a)(1) provides:

    **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

2

relevant statutory and case law, we resolve Shannon's points of error as follows:

Shannon contends that the District Court erred by denying the Motion to Dismiss based on a violation of HRPP Rule 48, because trial had not commenced before more than 180 "includable" days had elapsed following his April 9, 2016 arrest.[4] While the parties appear to agree that it would have been proper for the District Court to exclude certain time periods during which Shannon moved for continuances,[5] they assert varying timelines and arguments as to whether certain other delays are excludable. In denying Shannon's motion, the District Court necessarily concluded that fewer than 180 includable days had elapsed, but exactly how the District Court reached this conclusion is unclear.

"[M]otions to dismiss pursuant to HRPP 48(b), by their very nature, involve factual issues that must be resolved before they can be decided." State v. Hutch, 75 Haw. 307, 331, 861 P.2d 11, 23 (1993). "'Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.'" Id. at 329-330, 861 P.2d at 23

---

[4]    HRPP Rule 48(b) mandates the dismissal of criminal charges if a trial on those charges does not commence within six months, construed as one hundred eighty days, from the time of the arrest or of filing of charges, whichever is sooner. Pursuant to HRPP Rule 48(c), however, certain periods must be excluded from the computation of the six month period.

State v. Diaz, 100 Hawai'i 210, 222, 58 P.3d 1257, 1269 (2002) (quoting State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996)).

[5]    Specifically, on May 5, 2016, Shannon moved to continue arraignment and on June 10, 2016, moved to continue the hearing on certain motions from June 14, 2016, to July 12, 2016. Both parties cite these continuances in their Rule 48 calculations, but attribute a varying number of excludable days to them.

(quoting HRPP Rule 12(e) and holding that a court must make findings of fact under HRPP Rule 12(e) before the court may conclude that any of the time periods excluded under HRPP Rule 48(c) have been established). For example, where applicable, "the court must [make a finding] whether any period of delay resulting from a continuance was granted at the request or with the consent of the defendant or his or her counsel" as well as whether court congestion qualifies as "exceptional" before concluding that any resulting period of delay is excludable. Id. at 331, 861 P.2d at 23 (citing State v. Miller, 4 Haw. App. 603, 606-07, 671 P.2d 1037, 1040 (1983) and State v. Caspino, 73 Haw. 256, 257, 831 P.2d 1334, 1335 (1992)); see also State v. Fennelly, CAAP-13-0001308, 2015 WL 9594360, *1-*2 (Haw. App. Dec. 28, 2015) (SDO) (citing Hutch while vacating and remanding to the lower court for findings on the excluded time periods); State v. Jarmusch, Nos. 29020, 29069, 2011 WL 1523484, *4 (Haw. App. Apr. 21, 2011) (SDO) (same); State v. Hanato, No. 28679, 2008 WL 2809154, *1 (Haw. App. July 22, 2008) (SDO). Absent this information, the appellate court cannot evaluate the District Court's conclusion that HRPP Rule 48(b) was not violated. Fennelly, 2015 WL 9594360 at *1.

Here, the District Court stated that "based on everything . . . it's not a clear-cut Rule 48 violation." The District Court was further "troubled" by a minute entry that "the State was ready" and recognized that "but for the discovery request for this petty misdemeanor . . . there wouldn't have been all these delays." This suggests that the District Court

intended to exclude certain days relating to Shannon's various motions to compel from the Rule 48 computation,[6] but neglected to state in its oral ruling and written order any explanation of the precise number of days it excluded from the calculation or its basis for doing so. In light of the disputed facts as to whether the defense consented to several continuances that resulted in periods of delay as well as whether certain periods were attributable to Shannon's various requests for discovery or to "exceptional" court congestion, it was essential for the District Court to state such findings on the record in order to enable this court to perform an adequate review. See Fennelly, 2015 WL 9594360 at *1-2 (remanding due to the lack of "an explanation in the record on appeal of the exact number of days that the District Court intended to exclude (which would allow this court to confirm or reject the District Court's calculation) or of the District Court's rationale for excluding the number of days that it did (which would allow this court to consider the District Court's reasoning)"). Accordingly, the District Court erred in denying Shannon's motion without stating its "essential findings on the record" in accordance with HRPP Rule 12(e).

Consequently, the case must be remanded for the entry of appropriate findings and a further order that meet the requirements of Hutch, and Shannon's further arguments need not be addressed at this time. If, on remand, the District Court determines that HRPP Rule 48 was violated, it must vacate the

---

[6] We note that HRPP Rule 48(d)(2) includes in the computation "the period of time, from the filing through the prompt disposition of . . . requests/ motions for discovery[.]"

5

Judgment and dismiss the charges against Shannon, with or without prejudice in its discretion, in accordance with the principles stated in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981). See Hanato, 2008 WL 2809154 at *2; State v. Himan, CAAP-16-0000566, 2018 WL 2731641, *4 (Haw. App. June 7, 2018) (SDO). If the District Court finds and concludes that Rule 48 was not violated, Shannon would be free to file a new appeal challenging the District Court's findings and conclusions, as well as the other issues not addressed at this time. See Hanato, 2008 WL 2809154 at *2.

For these reasons, the District Court's orders denying Shannon's motions to dismiss based on HRPP Rule 48 are vacated, and this case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.[7]

DATED: Honolulu, Hawai'i, April 10, 2019.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[7]     Should the District Court determine there was no violation of HRPP Rule 48 upon entry of findings and a further order, judgment should be re-entered so that Shannon might appeal from the re-entered judgment.